# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRAVIS DWAYNE POWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CR348-1 |
| | ) | 1:13CV1052 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 15) ("Section 2255 Motion"), Supplemental Motion to Petitioner's [Section] 2255 [Motion] (Docket Entry 23), and Supplemental Motion (Docket Entry 24), as well as for disposition of his Motion for Production of the Record (Docket Entry 22) and Motion for Disposition of the Case (Docket Entry 25).[1] For the reasons that follow, the latter two Motions will be denied and the former three Motions should be denied.

## INTRODUCTION

On April 9, 2013, this Court (per Senior United States District Judge N. Carlton Tilley, Jr.) entered a Judgment against Petitioner imposing, inter alia, a total prison term of 141 months,

---

[1] Parenthetical citations refer to Petitioner's criminal case.

upon his guilty plea to attempted interference with commerce by robbery and interference with commerce by robbery, both in violation of 18 U.S.C. § 1951(a), as well as to carrying/using a firearm (by brandishing) during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(a)(ii). (Docket Entry 12; see also Docket Entry 1 (Indictment); Docket Entry 11 (Plea Agt.); Docket Entry 18 (Plea Hrg. Tr.); Docket Entry dated Dec. 7, 2012 (documenting guilty plea); Docket Entry dated Mar. 15, 2013 (documenting sentencing).) Petitioner did not appeal (see Docket Entry 15, ¶ 8; see also Docket Entries dated Mar. 15, 2013, to present), but did timely file his instant Section 2255 Motion (Docket Entry 15). The United States responded (Docket Entry 19) and Petitioner replied (Docket Entry 21). Subsequently, on July 9, 2014, the Clerk stamped-as-filed Petitioner's instant Supplemental Motion to Petitioner's [Section] 2255 [Motion] (Docket Entry 23 at 1), which he dated as signed on July 3, 2014 (id. at 9) and as served via mail on July 7, 2014 (id. at 10). Petitioner thereafter filed his instant Supplemental Motion. (Docket Entry 24 at 1.)[2]

---

[2] Petitioner also has filed the instant Motion for Production of the Record (Docket Entry 22) and the instant Motion for Disposition of the Case (Docket Entry 25). The undersigned Magistrate Judge will deny the former Motion because (as explained below) Petitioner has failed to present any viable grounds for collateral relief and therefore no basis exists to provide him with any record materials. Further, given that the Recommendation herein addresses Petitioner's collateral claims, the undersigned Magistrate Judge will deny as moot Petitioner's latter Motion.

DISCUSSION

Petitioner's Section 2255 Motion asserts these two claims:

1) "The Court lacked Exclusive Legislative and Subject Matter Jurisdiction over this case, and [Petitioner]" (Docket Entry 15, ¶ 12(Ground One); see also id., ¶ 12(Ground One)(a) ("[Petitioner] was arrested on private property within the boundaries of the state of North Carolina, property that was not acquired, purchased or owned by the United States, nor did the [C]ourt/government produce any documents proving that the state of North Carolina had ceded jurisdiction over this private property to the Government nor any documents proving that the Government accepted said jurisdiction.")); and

2) "Ineffective Assistance of Counsel" (id., ¶ 12(Ground Two)),[3] premised on the allegation(s) that "[t]he attorney appointed in this case took advantage of [] Petitioner's inability to read and write and coerced him into pleading guilty to a court that had no jurisdiction to hear the case . . . [and] failed to challenge the [C]ourt's jurisdiction" (id., ¶ 12(Ground Two)(a)).

Ground One lacks merit. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "To successfully challenge [this] [C]ourt's

---

[3] Petitioner used all capital letters in identifying Ground Two, but (for ease of reading) this quotation does not.

3

jurisdiction, a defendant who enters a guilty plea must establish that the face of the indictment failed to charge the elements of a federal offense." United States v. Turner, 272 F.3d 380, 389-90 (6th Cir. 2001). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense . . . accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." United States v. Perry, 757 F.3d 166, 171 (4th Cir. 2014) (internal brackets and quotation marks omitted).

The plain language of Section 1951(a), also known as the Hobbs Act, makes it an offense to "in any way or degree obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce, by robbery . . . or attempt[] . . . so to do . . . ." 18 U.S.C. § 1951(a); see also 18 U.S.C. § 1951(b)(3) ("The term 'commerce' means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction."). "A Hobbs Act crime, then, has two

4

elements: (1) robbery . . . and (2) interference with commerce. With regard to the second element, . . . the Hobbs Act requires only that the government prove a minimal effect on interstate commerce." United States v. Taylor, 754 F.3d 217, 222 (4th Cir. 2014) (internal citation and quotation marks omitted); see also id. ("To determine whether a robbery affects commerce, we do not simply examine the effect of the individual action in question; it is sufficient that the relevant class of acts has a measureable impact on interstate commerce." (internal quotation marks omitted)).

Consistent with the plain language of Section 1951(a) and its above-quoted construction by the United States Court of Appeals for the Fourth Circuit, the Indictment in this case asserted that Petitioner violated Section 1951(a), in that he "did unlawfully attempt to obstruct, delay, and affect commerce, as that term is defined in . . . Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery" of a specified business (Docket Entry 1 at 1), and in that he "did unlawfully obstruct, delay, and affect commerce, as that term is defined in . . . Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery" of another specified business (id. at 3). Further, the Indictment expressly alleged that the victim businesses engaged in specified retail activity "in interstate and foreign commerce and . . . which affects interstate and foreign commerce." (Id. at 1, 2.) Finally, the Indictment

5

contained an explicit allegation that Petitioner attempted to take and took, respectively, property that belonged to the victim businesses. (Id. at 1-2, 3.)  Under these circumstances, the Court should deem Ground One meritless, as the Indictment adequately charged violations of Section 1951(a) and thereby sufficiently invoked this Court's jurisdiction under Section 3231.

Ground Two, which (as quoted above) alleges ineffective assistance because Petitioner's counsel did not raise the jurisdictional issue presented in Ground One and allegedly coerced Petitioner to plead guilty despite the Court's purported lack of jurisdiction, similarly fails as a matter of law.  To establish ineffective assistance, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted.  See Strickland v. Washington, 466 U.S. 668, 687–94 (1984).  In this case, the facial sufficiency of the Section 1951(a) charges lodged against Petitioner (as shown above) would have rendered futile any effort by his counsel to "challenge the [C]ourt's jurisdiction" (Docket Entry 15, ¶ 12(Ground Two)(a)); as a result, any ineffective assistance claim based on the absence of such a challenge cannot succeed.  See Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take action if] . . . it would have been futile for counsel to have done so . . . .").

6

Further, the record of Petitioner's guilty plea hearing refutes any allegation that counsel coerced Petitioner to enter an unknowing, involuntary guilty plea and, indeed, conclusively establishes that (pursuant to a colloquy that fully complied with Federal Rule of Civil Procedure 11(b)) Petitioner pleaded guilty freely and with a full understanding of all relevant matters. (See Docket Entry 18 at 3-42.) "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . Thus, in the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner has identified no extraordinary circumstances that would permit the Court to disregard his sworn statements voluntarily and knowingly pleading guilty. (See Docket Entry 15, ¶ 12(Ground Two)(a); Docket Entry 21 at 1-4.)

Simply put, Petitioner has failed to show any basis for relief on the two grounds set forth in his instant Section 2255 Motion.

In addition, the Court should deny the instant Supplemental Motion to Petitioner's [Section] 2255 Motion (Docket Entry 23) and the instant Supplemental Motion (Docket Entry 24). The latter seeks only to present more "jurisdictional" arguments. (See id. at 1-2.) The former proposes five amendments, the first of which

7

similarly concerns the Court's jurisdiction. (See Docket Entry 23 at 1-9.) The proffered inclusion of such further "jurisdictional" allegations does not alter the conclusion (explained above) that this Court possessed jurisdiction over this case because the Indictment sufficiently charged violations of Section 1951(a);[4] the

---

[4] Petitioner's above-referenced proposals for amendment focus on the interstate commerce element of the Hobbs Act. (See Docket Entry 23 at 1-3, 9; Docket Entry 24 at 1-2.) Even if such matters "relate back" to the "jurisdictional" claim(s) in Petitioner's Section 2255 Motion (and thus qualify as timely pursuant to Federal Rule of Civil Procedure 15(c)(1)(B)) because "the Hobbs Act's interstate commerce element is commonly referred to as a 'jurisdictional element,' the failure of the government to prove a nexus between the crime and interstate commerce is not jurisdictional in a sense that it deprives th[is] [C]ourt of subject matter jurisdiction. Through his guilty plea, [Petitioner] admitted the factual basis for jurisdiction as charged in his indictment. Thus, [his interstate commerce] challenge is nonjurisdictional and has been waived." Turner, 272 F.3d at 390; see also United States v. Carr, 271 F.3d 172, 178 (4th Cir. 2001) ("[The defendant] next contends that because the interstate commerce element is 'jurisdictional,' the federal courts lack subject matter jurisdiction over his case if the interstate commerce element was not proven. . . . [T]he 'jurisdictional element' is merely one element of the criminal activity proscribed by [the statute charged in the indictment], and whether it is demonstrated in an individual circumstance does not affect a court's constitutional or statutory power to adjudicate a case. . . . After a judgment of conviction is validly entered on a guilty plea, a defendant cannot challenge the interstate commerce prong of [an offense] as 'jurisdictional,' because such a challenge merely contests the sufficiency of the evidence supporting that element of the offense." (some internal quotation marks omitted)). Nor has Petitioner offered any plausible basis for the Court to find that the United States lacked sufficient evidence to prove the interstate commerce element if the case had proceeded to trial. (See Docket Entry 23 at 1-3, 9; Docket Entry 24 at 1-2; see also Docket Entry 10 at 4 (describing evidence available to United States to establish interstate commerce element, including via proof that victim businesses acquired goods from other states).)
(continued...)

Court thus should deny as futile any amendment offered to expand upon any such "jurisdictional" claim (or related ineffective assistance of counsel claim). See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (holding that "futility of amendment" warrants denial of leave to amend in Section 2255 context).

The instant Supplemental Motion to Petitioner's Section 2255 Motion also requests leave to add new claims of ineffective assistance based on his counsel's failure:

1) "[to] [o]bject to the plea for a lack of value and consideration, no quid pro quo" (Docket Entry 23 at 3);

2) "[to] [o]bject to the amount of time [Petitioner] recieved [sic] given [his] lack of criminal history" (id.); and

3) "to have any meaningful consultation with [Petitioner] regrading [sic] an appeal" (id.).

---

⁴(...continued)
Accordingly, Petitioner could not maintain an ineffective assistance of counsel claim as to any recommendation he received to plead guilty, rather than to pursue a defense at trial premised on the interstate commerce element. See, e.g., Beasley v. United States, Nos. 1:03CR106, 1:08CV115, 2010 WL 4629900, at *5 (E.D. Tenn. Nov. 5, 2010) (unpublished) ("The government maintains, as the Grand Jury so found, that the businesses robbed were engaged in commercial activities and purchased and sold items that had been transported in interstate commerce, such that the robbery of proceeds from those businesses satisfied the jurisdictional element. [The] [p]etitioner has not presented any evidence to the contrary. Accordingly, based on the record before the [c]ourt, counsel had no legal basis to . . . proceed to a jury trial on the basis that the interstate commerce element could not be proven; thus, counsel's performance was not deficient and [the petitioner] has not established a claim of ineffective assistance of counsel." (internal citations and footnote omitted)).

9

The Court should deny Petitioner leave to add the foregoing, three ineffective assistance of counsel claims due to their untimeliness. Specifically, for claims brought under Section 2255:

> [A one-year] limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under Section 2255(f)(1), Petitioner's one-year period to seek collateral relief on the three, foregoing ineffective assistance of counsel claims commenced on or about April 23, 2013, "upon the expiration of the fourteen-day period for filing a direct appeal" (after entry of Judgment on April 9, 2013). United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)). Petitioner, however, did not proffer these three claims until (at the earliest) July 3, 2014

10

(i.e., more than two months after the expiration on or about April 23, 2014, of the one-year period pursuant to Section 2255(f)(1)).

As a result, the foregoing, three ineffective assistance of counsel claims fail as untimely under Section 2255(f)(1), unless they relate back to Petitioner's timely-filed Section 2255 Motion. See Pittman, 209 F.3d at 318 ("[The petitioner] filed a timely motion for relief under [Section] 2255. His amended motion, however, was filed after [Section 2255(f)'s] statute of limitations had run. Because the amended claims do not relate back to the original motion, they are barred by the statute of limitations . . . ."). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B); see also Pittman, 209 F.3d at 317-18 (applying said Rule, then codified at Federal Rule of Civil Procedure 15(c)(2), in Section 2255 context).[5] "These new claims do not relate back to [Petitioner's] original claims because they arise from separate occurrences of both time and type [than the jurisdiction-focused claims in his Section 2255 Motion]." Pittman,

---

[5] As in Pittman, "[t]he other circumstances for relation back in Rule 15(c) are not applicable to this case," Pittman, 209 F.3d at 317 n.2; see also Fed. R. Civ. P. 15(c)(1)(A) & (C) (allowing relation-back where statutory authority so dictates and where amendment simply involves non-prejudicial change of party to correct mistaken identity, respectively).

209 F.3d at 318 (internal quotation marks omitted); see also Ingram v. Buckingham Corr. Ctr., No. 3:09CV831, 2011 WL 836826, at *7 (E.D. Va. Mar. 4, 2011) (unpublished) ("[I]t is not sufficient that the new claim simply has the same form as the original claims. . . . Thus, 'a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.'" (quoting United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005))).

Further, Section 2255(f)(2) does not apply in this context, as the record reveals no basis to conclude Petitioner "was prevented from making a motion [raising the three, foregoing ineffective assistance of counsel claims] by [unconstitutional or unlawful] governmental action," 28 U.S.C. § 2255(f)(2). Nor could Section 2255(f)(3) render said claims timely, because (in asserting them) Petitioner has cited no decisions of the United States Supreme Court issued less than a year before he signed his instant Supplemental Motion to Petitioner's [Section] 2255 [Motion]. (See Docket Entry 23 at 1-9.) Finally, through the exercise of due diligence, as of 14 days after the entry of the Court's Judgment (i.e., the same commencement date set by Section 2255(f)(1)), Petitioner could have discovered the facts as to whether he received anything "of value and consideration" in connection with

12

his plea agreement (id. at 3), what "amount of time he recieved [sic] [despite his] lack of criminal history" (id.), and whether his counsel engaged in "any meaningful consultation with [him] regrading [sic] an appeal" (id.); Section 2255(f)(4) thus cannot save Petitioner's ineffective assistance of counsel claims addressed to those three scenarios.

In sum, the three, foregoing ineffective assistance of counsel claims qualify as untimely under Section 2255(f);[6] the Court therefore should decline to allow their addition to this case on grounds of futility. See Pittman, 209 F.3d at 317 ("Where the statute of limitations bars a cause of action [proposed for addition to a proceeding under Section 2255], amendment may be futile and therefore can be denied.").

The fifth (and final) claim proposed in the instant Supplemental Motion to Petitioner's [Section] 2255 [Motion] asserts that Petitioner's "[c]ounsel was ineffective when he failed to . . . file a notice of appeal and an appeal." (Docket Entry 23 at

---

[6] The instant Supplemental Motion to Petitioner's [Section] 2255 [Motion] purports to invoke the doctrine of equitable tolling. (See Docket Entry 23 at 4.) However, in so doing, it simply baldly "claims" that "extraordinary circumstances beyond [Petitioner's] control ma[d]e it impossible to file the claims on time" (id.) and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling," San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011); accord Smith v. Virginia, No. 3:12CV148, 2013 WL 871519, at *4 (E.D. Va. Mar. 8, 2013) (unpublished), appeal dismissed, 586 F. App'x 622 (4th Cir. 2013).

13

Case 1:12-cr-00348-NCT   Document 26   Filed 05/28/15   Page 13 of 15

3.) This proffered claim appears timely,[7] but its conclusory character[8] warrants denial of leave to add it. See Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n. 1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255

---

[7] Pursuant to Section 2255(f)(4), Petitioner had to file this ineffective assistance of counsel claim within one year of "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." Accordingly, "the relevant question here is how long a duly diligent prisoner would take to discover that his lawyer had not filed a notice of appeal." Ryan v. United States, 657 F.3d 604, 607 (7th Cir. 2011); see also id. at 608 ("[A]t some point, the reasonably diligent prisoner will contact counsel, ask how the appeal is going, and either receive an honest response or infer from counsel's silence that something is amiss (and then follow up with the court)."). As noted above, the Court docketed the instant Supplemental Motion to Petitioner's [Section] 2255 [Motion] on July 9, 2014, and his time to give notice of appeal lapsed on or about April 23, 2013. If Petitioner reasonably could have taken from on or about April 23, 2013, until July 9, 2013 (i.e., less than two and a half months) to discover that his counsel had not filed a notice of appeal, his filing one year later (i.e., on July 9, 2014) would qualify as timely under Section 2255(f)(4). Given that at least one court confronted with an analogous scenario has said that a five-month delay in discovering the lack of an appeal does not warrant denial of relief without further development of the pertinent facts, see Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000), the Court should not dismiss this claim on untimeliness grounds.

[8] Notably, Petitioner has not alleged that he ever instructed his counsel to appeal (see Docket Entry 23 at 3-4; see also id., Ex. B), despite knowing that his counsel expressly denied receiving any such instruction (see id., Ex. D).

14

(4th Cir. 1999)."), appeal dismissed, 599 F. App'x 111 (4th Cir. 2015); accord Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, C.J.).

## CONCLUSION

Petitioner has established no entitlement to relief.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Production of Record (Docket Entry 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Disposition of the Case (Docket Entry 25) is **DENIED AS MOOT**.

**IT IS RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 15), Supplemental Motion to Petitioner's [Section] 2255 [Motion] (Docket Entry 23), and Supplemental Motion (Docket Entry 24) each be denied without a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 28, 2015